# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:17-CR-394** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **CHUANZE XU (2),** | : | |
| | : | |
| **Defendant** | : | |

# ORDER

AND NOW, this 11th day of April, 2019, upon consideration of the motion (Doc. 66) filed by defendant Chuanze Xu ("Xu"), wherein Xu seeks reconsideration of the court's memorandum and order dated April 18, 2018, denying his motion to suppress evidence obtained subsequent to a traffic stop of a vehicle driven by codefendant Xiao Wu Zhou ("Zhou") and in which Xu was a passenger,[1] and it appearing that Xu, through new counsel, asserts two grounds as the basis for his request to reconsider: *first*, use of the "unreliable" Google Translate application by Pennsylvania State Police Trooper Jeremy Hoy ("Trooper Hoy"), (id. ¶ 31(a)-(b)); and *second*, the possibility that Trooper Hoy engaged in racial profiling, (id. ¶ 31(c)), and the motion having been fully briefed, (Docs. 66, 79), and the court observing that a party may file a motion for reconsideration in a criminal case, see United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010), and the court emphasizing that the purpose of a motion for reconsideration is to "correct a clear error of law or to prevent a manifest injustice," id. (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)),

---

[1] The motion to suppress was filed jointly by Xu and Zhou. (Doc. 32).

and noting that such motions are to be granted only for "'compelling reasons,' such as a change in the law which reveals that an early ruling was erroneous," id. (citation omitted), and that a party may not invoke a motion for reconsideration as a means to relitigate matters already resolved before the court or to present new arguments which should have been raised earlier, see id. at 732-33 (citation omitted), and taking Xu's arguments in turn: *first*, as to Xu's argument that Google Translate is an unreliable communication tool and that any responses elicited from Zhou using same may not form "a basis to justify extending the stop," (Doc. 66 ¶ 31(a)), the court concluding that Trooper Hoy adduced sufficient factual *indicia* of criminal activity apart from defendants' contradictory answers to support the existence of reasonable articulable suspicion[2]; and *second*, as to Xu's assertion that Trooper Hoy may have engaged in racial profiling when deciding whether to initiate the traffic stop of defendants' vehicle, the court observing that an officer may stop a vehicle if the officer has reasonable suspicion to believe that a traffic violation has occurred, Heien v. North Carolina, 574 U.S. __, 135 S. Ct. 530, 536

---

[2] Trooper Hoy noticed Zhou's rigid driving posture, evidence of "hard travel" in the U-Haul cabin, and physical signs of Xu's extreme nervousness during the traffic stop. United States v. Xu, No. 4:17-CR-394, 2018 WL 1858187, at *1-2 (M.D. Pa. Apr. 18, 2018). Xu's claimed purpose of the cross-country trip—to move Zhou's mother from her two-story, single family house—on a known drug route was belied by the size of the U-Haul and the mere five briefcases of bedsheets Xu claimed were in the truck's cargo area. Id. at *5. Through the Google Translate application, Zhou stated that he and Xu initially drove to California before renting the U-Haul, whereas Xu previously averred that the pair flew. Id. at *2. Zhou made no other statements to Trooper Hoy that contradicted Xu. See id.; Tr. 44:23-49:9. Even absent this Google Translate response, Trooper Hoy developed reasonable suspicion that defendants may be engaged in criminal activity from his personal observations and speaking with Xu alone by the patrol car.

2

(2014); United States v. Delfin-Colina, 464 F.3d 392, 396-97 (3d Cir. 2006) (citing Whren v. United States, 517 U.S. 806, 810 (1996)), and it appearing that an officer's pretextual motivations for initiating the stop are irrelevant so long as the officer witnessed "*any* technical violation of a traffic code," United States v. Mosley, 454 F.3d 249, 252 (3d Cir. 2006) (emphasis added) (citations omitted); Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Div. of State Police, 411 F.3d 427, 440 (3d Cir. 2005), overruled on other grounds by Dique v. N.J. State Police, 603 F.3d 181 (3d Cir. 2010), and the court noting that this argument was addressed by our disposition of Zhou's motion to compel, see Xu, 2018 WL 1858187, wherein we determined that Trooper Hoy possessed reasonable articulable suspicion that Zhou committed a traffic violation, id. at *3-4, and the court finding that Trooper Hoy's lawful justifications for initiating the traffic stop moot any pretext argument based on racial discrimination,[3] and the court concluding that Xu has identified no clear error of law or other "compelling reason[]" to justify reconsideration of our prior rulings, see Dupree, 617 F.3d at 732, it is hereby ORDERED that Xu's motion (Doc. 66) for reconsideration of the memorandum and order dated April 18, 2018 is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[3] We incorporate by reference our opinion addressing identical arguments raised by Xu's codefendant in the context of a motion to compel. See United States v. Zhou, No. 4:17-CR-394, 2019 WL 265802, at *2 (M.D. Pa. Jan. 18, 2019).