IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 4:17-CR-394** |
| : | |
| v. : | (Judge Conner) |
| : | |
| **CHUANZE XU,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

The court sentenced defendant Chuanze Xu to 30 months' imprisonment followed by two years of supervised release after he pled guilty to conspiring to distribute and possess with intent to distribute marijuana. He now moves to vacate his sentence pursuant to 28 U.S.C. § 2255 because his trial counsel, John A. Abom, Esquire, allegedly rendered ineffective assistance in violation of the Sixth Amendment to the United States Constitution by failing to consult with Xu about the possibility of appealing our orders denying his motions to suppress. We will deny the motion.

### I.  Factual and Procedural History[1]

On December 14, 2017, a federal grand jury returned a two-count indictment charging Xu and his codefendant, Xiao Wu Zhou, with distributing and possessing with intent to distribute marijuana and conspiring to do the same in violation of 21 U.S.C. §§ 841(a)(1) and 846, respectively. Defendants jointly moved to suppress evidence seized from the vehicle they had driven across the country, which police

---

[1] This section is based upon the current record, including official transcripts from the suppression, change-of-plea, and sentencing hearings in this matter.

searched without a warrant after a drug-sniffing canine alerted to the presence of contraband during a traffic stop. Defendants argued the search violated the Fourth Amendment to the United States Constitution. We denied their motion following an evidentiary hearing. Defendants then sought reconsideration and filed a supplemental motion raising additional grounds for relief, which we also denied following a separate hearing.

Defendants subsequently pled guilty to the conspiracy charge pursuant to plea agreements that expressly preserved their right to appeal our orders denying suppression. (See Doc. 133 ¶ 14; Doc. 134 ¶ 14). At a joint plea hearing, the undersigned asked Xu whether he understood the nature and consequences of his conditional guilty plea, including his limited right to appeal "only the court's adverse determination of your motion to suppress." (See Doc. 187, 11/20/19 Tr. 9:5-18). Xu said he did. (See id. at 9:19). When asked whether he read the agreement, "carefully reviewed every part of it" with Attorney Abom, fully understood it, and voluntarily agreed to it, Xu once again responded in the affirmative. (See id. at 10:17-22). Attorney Abom also confirmed he reviewed the agreement with Xu. (See id. at 10:25-11:5). Counsel for the government outlined the "essentially identical" terms of each defendant's plea agreement for the record. (See id. at 12:11-15:19). Both Xu and Attorney Abom attested to the accuracy of the passages limiting Xu's appellate rights and acknowledging they reviewed the agreement. (See id. at 14:2-12, 15:20-25). Xu reiterated that he understood his ability to appeal before expressing his desire to plead guilty. (See id. at 22:8-11).

The court sentenced Xu on July 22, 2020.  Notably, the court found Xu eligible for safety-valve relief pursuant to 18 U.S.C. § 3553(f) and imposed a sentence of incarceration (30 months) at the very bottom of the Guideline range, (see Doc. 188, 7/22/20 Tr. 3:18-4:6, 9:21-24)—half the mandatory minimum term of five years identified in the plea agreement, (see Doc. 134 ¶ 2).  The court also advised Xu as follows:

> Mr. Xu, you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or there is some other fundamental defect in the proceedings that was not waived by your guilty plea.  You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law.  With few exceptions any notice of appeal must be filed within fourteen days.
>
> If you are unable to pay the cost of an appeal you may apply for leave to appeal *in forma pauperis*.  If you so request, the Clerk of Court will prepare and file a notice of appeal on your behalf.

(See 7/22/20 Tr. 12:11-22).  Xu did not appeal.  He timely filed the instant motion pursuant to 28 U.S.C. § 2255 on June 21, 2021.  The motion is fully briefed and ripe for disposition.

## II. Legal Standards

### A. Section 2255

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  28 U.S.C. § 2255.  Courts may afford relief under Section 2255 on several grounds, including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States."  See 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a).  The statute

3

provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." See 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court must hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." See United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546). No hearing is needed when the allegations are "contradicted conclusively by the record" or are "patently frivolous." See Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001); see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (courts retain discretion to dismiss petitions that make only "vague and conclusory allegations"); Underwood v. Clark 939 F.2d 473, 476 (7th Cir. 1991) ("barebones assertion by a defendant, albeit made under oath, is insufficient to require a hearing").

  **B. Ineffective Assistance of Counsel**

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. See

4

Strickland, 466 U.S. at 687-88.  The defendant bears the burden of proving both prongs.  See id. at 687.

**III.     Discussion**

We apply Strickland to claims that counsel failed to consult with a defendant about filing an appeal.  See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).  Criminal defense attorneys generally ought to consult with their clients on the possibility of appealing an adverse decision, but there is no *per se* rule requiring consultation.  See id. at 480 (rejecting "bright-line rule"); see also id. at 479 (regarding routine consultation as "better practice").  The Constitution imposes an affirmative duty to consult if a "rational defendant would want to appeal" or if "this particular defendant demonstrated to counsel that he was interested in appealing."  See id. at 480; see also id. at 484 (requiring defendant to demonstrate "reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed").  "Consulting" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."  Id. at 478.  Attorneys who consult with their clients about appealing may be found ineffective only if they failed to follow the client's "express instructions."  Id.

Whether a duty to consult has attached turns upon the particular facts of the case.  See id. at 485 (quoting Strickland, 466 U.S. at 695-96).  Failing to consult is excusable, in any event, when the sentencing court's instructions regarding a defendant's appellate rights are "so clear and informative as to substitute for counsel's duty to consult."  See id. at 479-80; see also FED. R. CIV. P. 32(j) (obliging

5

sentencing court to advise defendant about their right to appeal). Other relevant factors that might excuse counsel's lack of a consultation include whether the defendant "received the sentence bargained for as part of the plea," see Flores-Ortega, 528 U.S. at 480, whether the plea agreement "expressly reserved or waived some or all appellate rights," see id., and whether there are any nonfrivolous grounds for appeal, see id. at 479, 485.

    Xu alleges Attorney Abom was ineffective for failing to consult with him, both before and after sentencing, about appealing our orders denying his suppression motions. (See Doc. 177 at 5). He claims he was "under the mistaken impression that he could not appeal" our suppression orders, and counsel "did nothing to explain" his rights to him. (See id.) He also asserts counsel should have "expressly argue[d] that the failure to obtain a warrant prior to conducting the search of the vehicle constituted a violation of [his] Fourth Amendment right," which, if properly raised, would have required suppression. (See id. at 4). Attorney Abom, for his part, submitted an affidavit directly refuting Xu's averments regarding his purported failure to consult. (See Doc. 189-1).

    Attorney Abom attests he consulted with Xu about possibly appealing the orders denying his motions to suppress on three separate occasions. (See id. ¶¶ 8-9, 13-14). The first consultation took place in person on February 3, 2020, in Williamsport, Pennsylvania; Attorney Abom explained Xu would have to pay an additional retainer if he wanted to appeal because his initial payment only covered proceedings in the district court. (See id. ¶ 8.) Attorney Abom spoke with Xu again by phone on February 12. (See id. ¶ 9.) The two discussed counsel's fee to handle a

possible appeal. (See id.) Attorney Abom then explained his willingness to assist Xu in applying for court-appointed counsel because Xu probably could not afford to retain him. (See id.) Lastly, Attorney Abom met with Xu in the conference room on the 8th floor of the federal courthouse in Harrisburg after sentencing on July 22. (See id. ¶ 13). He specifically asked whether Xu wanted to appeal our denial of his suppression motions; he also offered to file a notice of appeal and an application to proceed *in forma pauperis* on Xu's behalf, even if Xu could not pay, as well as to request the appointment of new counsel. (See id. ¶ 13). Per Attorney Abom, Xu explicitly disclaimed any interest in appealing at that time. (See id.) Nonetheless, Attorney Abom told Xu to contact him immediately if he changed his mind because he only had 14 days to file a notice of appeal. (See id.) Xu never followed up with Attorney Abom. (See id. ¶ 14).

Against Attorney Abom's detailed account, Xu presents only a vague, general claim of non-consultation. (See Doc. 177 at 4-5). Although we find counsel's account far more credible, we need not resolve the conflict on credibility alone. Xu cannot establish prejudice, even assuming Attorney Abom had a duty to consult with him and failed to do so, because the record belies Xu's bald allegation he "did not know" he could appeal our suppression rulings. See Solis, 252 F.3d 294. First, Xu's plea agreement singled out his right to appeal our "Orders of April 18, 2018 and August 6, 2019 denying the defendants' joint motions to suppress evidence." (See Doc. 134 ¶ 14). Second, in our colloquy with Xu at his plea hearing, Xu repeatedly confirmed he understood his right to appeal the orders denying suppression and that he reviewed the terms of his plea agreement with Attorney

7

Abom and agreed to them. (See 11/20/19 Tr. 9:11-19, 10:17-22, 14:2-12, 15:14-25, 22:8-11). Third, we advised Xu at sentencing he could appeal his conviction on any ground not waived by his guilty plea—*e.g.*, that the court erred in denying his motions to suppress. (See 7/22/20 Tr. 12:11-16). We notified him of the 14-day deadline for appealing, explained how he could obtain *in forma pauperis* status, and indicated the Clerk of Court would file a notice of appeal on Xu's behalf if he so desired. (See id. at 12:17-22). Not only did Xu's plea agreement "expressly reserve[]" his right to appeal our orders denying suppression, see Flores-Ortega, 528 U.S. at 480, but our instructions at his plea and sentencing hearings were "clear and informative" on that issue, see id. at 479-80. Xu also received a *more favorable* sentence than the mandatory minimum term specified in the agreement, further undermining his claim. Cf. id. at 480. Thus, we find no reasonable probability Xu would have appealed but for counsel's purported deficiencies. See id. at 484.

Moreover, Xu's substantive claim that Attorney Abom should have argued the police transgressed the Fourth Amendment because they searched the vehicle in which he was travelling cross-country without a warrant, (see Doc. 177 at 4), is patently frivolous. Few issues of federal constitutional law are more well settled than the principle that police may search a vehicle without a warrant based upon probable cause to believe contraband or evidence of a crime will be found therein. See California v. Carney, 471 U.S. 386, 390 (1985) (citing Carroll v. United States, 267 U.S. 132 (1925) (setting forth "automobile exception" to Fourth Amendment's warrant requirement)); Maryland v. Dyson, 527 U.S. 465, 466-67 (1999) (*per curiam*); United States v. Donahue, 764 F.3d 293, 299-300 (3d Cir. 2014); see also United

8

States v. Pierce, 622 F.3d 209, 213 (3d Cir. 2010) (police canine's alert while sniffing exterior of vehicle sufficient to establish probable cause).  In the face of a century of controlling precedent, no "rational defendant" in Xu's circumstances would pursue an appeal of the baseless ground upon which he challenges Attorney Abom's stewardship.  See Flores-Ortega, 528 U.S. at 480.  Had Xu raised that issue on direct appeal, he would not have been afforded relief.  None is due now.

**IV.     Conclusion**

For the foregoing reasons, we will deny Xu's motion.  We will also deny a certificate of appealability, as Xu has not made the requisite "substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    May 1, 2023